OVERTON, Justice.
This cause is before the Court upon an appeal to review an order upholding the constitutionality of section 316.058, renumbered and hereinafter referred to as 316.-1905, Florida Statutes (1977), concerning the testing and approval of motor vehicle speed testing equipment [radar] by the Department of Highway Safety and Motor Vehicles. We have jurisdiction and affirm. Art. V, § 3(b)(1) Fla.Const. (1972).
In the instant case, appellant was issued a traffic citation for driving fifty, subsequently amended to sixty-one, miles per hour in a thirty-five-mile-per-hour zone in violation of section 316.183, Florida Statutes (1977). The validity of this section is not an issue in this proceeding. The primary issue concerns the authority of the legislature to direct, by section 316.1905, the Department of Highway Safety and Motor Vehicles to test and approve speed testing equipment and the validity of the administrative rules adopted by the Department to implement this statutory provision.
Appellant filed a motion in limine seeking to suppress the results obtained by the citing officer through the use of an electronic speed control device. In denying this motion, the trial court held: “[W]hen read separately and when read in conjunction with the Florida Administrative Code 15B-2, et seq., ‘Speed Measuring Devices’, relating to electronic speed control devices (radar) and Florida Statutes, Chapter 316.058, renumbered 316.1905 are constitutional in all respects.” The order further stated that the rules promulgated by the Department *1039 of Highway Safety and Motor Vehicles were “adequate and complete as a matter of law,” and that such rules do not “require the complete publishing and promulgating, and in conformance with Florida Statutes 120.54, et seq., of the electronic speed control device(s) (radar) operation manual, particularly that of the type of equipment used in this case.” The case proceeded to trial, and the appellant was found guilty.
Section 316.1905[1] provides that any officer engaged in the enforcement of speed laws who uses an electronic or mechanical device to determine speed must use the type of equipment that has been approved by the Department of Highway Safety and Motor Vehicles. It directs that approved speed testing devices must be tested to determine if they are operating accurately and further requires a test to be conducted at least every six months. The statute further requires an operator of such speed testing equipment to be certified as competent. When an approved device is properly tested by the Department and is operated by a certified person, there is a presumption that the device is operating properly. This presumption is rebuttable by competent evidence, and the officer who operated the testing device is required to appear in court.
This statutory direction to the Department of Highway Safety and Motor Vehicles to approve and test these devices was implemented by Florida Administrative Rules 15B-2.01 — 2.12. Rule 15B-2.09[2] establishes the procedure for determining the speed accuracy of doppler radar devices. The testing procedures required by this rule mandate (a) an initial test and approval by an electronic technician, and (b) accuracy test every six months by a certified operator of the device with a tuning fork provided by the manufacturer. The state asserts that these requirements clearly imply that the testing of the radar unit must be in accordance with the manufacturer’s instructions. The appellant contends that the Department of Highway Safety and Motor Vehicles has failed to promulgate the necessary specific rules pertaining to the opera *1040 tion and calibration of said speed measuring devices or, in the alternative, the Department has failed to state the appropriate procedures or otherwise ratify the manufacturer’s operating and calibrating procedures.
This Court had before it a related argument concerning breath- and blood-testing apparatus in State v. Bender, 382 So.2d 697 (Fla.1980), in which we stated:
We further reject the trial court’s holding that the respondents’ constitutional rights of due process and equal protection were violated by the failure of the Department of Health and Rehabilitative Services and the Department of Highway Safety and Motor Vehicles to incorporate the manufacturers’ procedures for maintenance and operation as part of the promulgated rules. We note that the rules under attack require the preventive maintenance operation and preventive maintenance check to be in accordance with the procedures set forth by the manufacturer. What is attacked is the failure to attach and file those procedures with the Secretary of State. This does not constitute a due process or equal protection violation. There is no showing that these manufacturers’ operating manuals are unavailable, and the respondents clearly have the right in their individual proceedings to attack the reliability of the testing procedures or the operator’s qualifications.
Id. at 700. We reject the contention that in adopting rules the Department must expressly adopt or ratify the manufacturer’s operating manual. Once a testing device has been approved for use, it necessarily follows that it should be maintained and operated in accordance with the manufacturer’s maintenance and operating manuals. There is no showing in this record that the operating manual for the testing device used in this case was unavailable to the appellant. In fact, the operating manual is part of the record in this cause. We find the appellant was not prejudiced in any manner by the failure of the Department to incorporate the operating manuals as part of the administrative rules.
As with other scientific evidence, the appellant has the right to attack the reliability of the scientific tests or equipment and the competence of the operator. See State v. Bender. The statute in issue limits law enforcement in its use of electronic or mechanical speed testing devices to those that are approved by a single government department. We find section 316.1905, Florida Statutes (1977), and the implementing administrative rules constitutional.
The appellant further contends that the trial court erred by allowing the citing officer to amend at the time of trial the speed listed on the citation from fifty miles per hour in a thirty-five-mile zone to sixty-one miles per hour in a thirty-five-mile zone. We find that argument to be without merit, it appearing that there was no motion for a continuance and no showing how this appellant was prejudiced by the amendment in the trial of this cause.
For the reasons expressed, we affirm the order of the trial court.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, ENGLAND, ALDERMAN and MCDONALD, JJ., concur.

. 316.1905 Electrical, mechanical, or other speed calculating devices; power of arrest; evidence.
(1) Whenever any peace officer engaged in the enforcement of the motor vehicle laws of this state uses an electronic, electrical, mechanical, or other device used to determine the speed of a motor vehicle on any highway, road, street, or other public way, such device shall be of a type approved by the department and shall have been tested to determine that it is operating accurately. Tests for this purpose shall be made not less than once each 6 months, according to procedures and at regular intervals of time prescribed by the department.
(2) Any police officer, upon receiving information relayed to him from a fellow officer stationed on the ground or in the air operating such a device that a driver of a vehicle has violated the speed laws of this state, may arrest the driver for violation of said laws where reasonable and proper identification of the vehicle and the speed of same has been communicated to the arresting officer.
(3)(a) A witness otherwise qualified to testify shall be competent to give testimony against an accused violator of the motor vehicle laws of this state when such testimony is derived from the use of such an electronic, electrical, mechanical, or other device used in the calculation of speed, upon showing that the speed calculating device which was used had been tested. However, the operator of any visual average speed computer device shall first be certified as a competent operator of such device by the department.
(b) Upon the production of a certificate, signed and witnessed, showing that such device was tested within the time period specified and that such device was working properly, a presumption is established to that effect unless the contrary shall be established by competent evidence.
(c) Any person accused pursuant to the provisions of this section shall be entitled to have the officer actually operating the device appear in court and testify upon oral or written motion.

. 15B-2.09 Test to determine speed accuracy of doppler radar devices.
(1) An accuracy test will be performed on doppler radar speed measuring devices before initially being put into service. The initial test shall be performed by an electronic technician who has the necessary FCC license for electronic radiolocation speed measuring devices. Results of test will be on a certificate dated, signed and witnessed.
(2) An accuracy test after the initial test shall be made not less than once each six (6) months by any operator of the device with a tuning fork furnished by the manufacturer. Each test shall be recorded on a certificate dated and signed by the operator and a witness.